## HAYWOOD *against* SHELDON.

*An action to recover back a wager laid on the event of a horserace, is to be brought in the form prescribed by the act to prevent excessive and deceitful gaming: and if the plaintiff, in his declaration, state that the action had accrued to him according to the form, and as is prescribed by the second and third section of the act to prevent excessive and deceitful gaming, he will, nevertheless, be permitted to show a cause of action arising under the act to prevent horse racing.*

*The action is properly brought by the person who made the bet, although he acted as the agent or depositary of other persons.*

IN ERROR, from the court of common pleas of the county of *Columbia.* The defendant in error brought an action of debt in the court below, for 50 dollars, had and received by the plaintiff in error, to his use; whereby an action had accrued to him, to have and demand the said sum, " according to the form, and as is provided in the second and third sections of an act of the state of *New-York,* entitled an act to prevent excessive and deceitful gaming." At the trial, the counsel for the plaintiff below offered to prove, that the plaintiff and defendant had bet 50 dollars, respectively, on the event of a certain horse-race, and that the bet having been decided in favour of the defendant, the stakeholder paid over the plaintiff's money to the winner. The defendant's counsel moved for a nonsuit, on the ground, that the plaintiff had declared under the act to prevent gaming, but that his evidence related to an offence within the act to prevent horse racing; but the court denied the motion. The defendant then offered to prove, that the plaintiff, in making the bet, acted as the agent of other persons, and had himself bet but ten dollars of the fifty. The court rejected the evidence, and the jury found a verdict for the plaintiff.

A bill of exceptions was tendered to the court below, and a writ of error brought to this court.

*Van Buren,* for the plaintiff in error.

*E. Williams,* contra.

YATES, J., delivered the opinion of the court.

By the 5th section of the act, entitled an act to prevent horse racing, and for other purposes therein mentioned, (1 *N.*

R. L. 22.,) all contracts for money, or other thing, bet, or staked, on a horserace, are declared void, and the person who may have paid any money, or any other thing, is authorized to recover the amount so paid upon the issue, or event, of such race, in like manner as is provided in the 2d and 3d sections of the act, entitled an act to prevent excessive and deceitful gaming, (1 N. R. L. 152.,) which second section of the last-mentioned act, authorizes the loser at any game, if the sum lost is of, or above, a specific amount, to sue for, and recover the money so lost, or paid, in an action of debt; and that, in such action, it shall be sufficient for the plaintiff to allege, in his declaration, that the defendant is indebted to the plaintiff in the moneys so lost and paid, for so much money had and received by such defendant, to the plaintiff's use, without setting forth the special matter.

The declaration, in this case, is in the general form prescribed in the second section of the last-mentioned act, which is the correct and only manner of proceeding to authorize a recovery. It is true, that it also states the demand to be according to the form, and as is provided in the second and third section of the act, entitled an act to prevent excessive and deceitful gaming, which, if it has any meaning, shows the action to be founded on the statutes; and it might, perhaps, as well have been omitted; but I can discover no reason why this addition should prevent the court below from receiving evidence applicable to the fifth section of the act to prevent horseracing. That section expressly declares, that a recovery, in the cases therein stated, of which the present is one, shall be had in like manner as is provided in the second and third sections of the above act, to prevent excessive and deceitful gaming. The form of declaring is the same, in cases occurring under the sections referred to, in both the statutes. The defendant could not be surprised, or misled by it; nor can it be deemed a misrecital. The court below, therefore, correctly allowed the sections from both statutes to be read in evidence, and received parol testimony as applicable to the issue joined by the pleadings in the cause.

The proof offered by the defendant, that the plaintiff, in making the bet, had acted as the agent and depositary of other persons, and that he had, himself, only bet 10 of the 50 dollars, was properly overruled by the court. It could be of no im-

portance, on the trial of this issue, what number of persons had intrusted the plaintiff with the money, and were thus interested in the bet. That was an arrangement exclusively between the plaintiff and them, in which the defendant had no right to interfere, and to which he was no party. He thought proper to make the contract with the plaintiff as principal, and not as agent. It is to him alone that he is responsible. The statute, in authorizing the recovery of the money lost, evidently intended that it should be by the person in whose name the bet had been made. He only can be deemed the loser, and, consequently, is alone entitled to the benefit of the recovery; and this, from the nature of the transaction, is the only correct rule by which the right to the amount lost can, in the first instance, be tested. The persons having an interest in the money, if such a claim, or right, exists at all, must have it under a different and distinct contract with the plaintiff, and may, afterwards, seek their remedy from him. The evidence was properly overruled, and the plaintiff is entitled to judgment on the verdict in the court below.

Judgment for the plaintiff.